BY THE COURT.
It appears that sundry demands were given *379 to Phelps, to indemnify him for going security, under an agreement, that if Phelps had to pay, the demands should be his own.
It is well settled that the property in a pledge for indemnity is not changed absolutely by the pledge. In such cases as in mortgages, the pledgee or mortgagee is held subject to account, whatever may be the form of the contract. Such is the apparent right of the complainant here.
It is said the claim is a stale one, and is within the equity of the statute of limitations. That statute does not apply between a trustee and a cesPui que tnost, which is the case before us. The case is one of trust propertyin thehands of the defendant’s intestate, andseems a proper one for an account before a master, where the claims can be examined; and it is referred to a master for account.